UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Alfredo Andrade Solis, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                              *Plaintiff,*

        - against -

Tropical Restaurant Bar Inc., 88-18 Tropical Restaurante Corp., Jaime Antonio Pesantez, and Jaime Illescas (a/k/a Jimmy Illescas),

                              *Defendants.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

       Plaintiff Alfredo Andrade Solis ("Plaintiff" or "Andrade Solis"), on behalf of himself and others similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Tropical Restaurant Bar Inc. and 88-18 Tropical Restaurante Corp. (together, the "Corporate Defendants"), Jaime Antonio Pesantez, and Jaime Illescas (a/k/a Jimmy Illescas) (together, the "Individual Defendants", and together with the Corporate Defendants, the "Defendants"), and states as follows:

### NATURE OF THE ACTION

       1.    Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

       2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, spread-of-hours, unlawfully deducted gratuities, liquidated and statutory

1

damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5.      Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ALFREDO ANDRADE SOLIS**

6.      Plaintiff Andrade Solis was ostensibly employed as a waiter, bartender, busboy and general worker at Defendants' restaurant known as "Tropical Restaurant", located at 88-18 Jamaica Ave., Woodhaven, NY 11421 ("Tropical Restaurant")

7.      Plaintiff Andrade Solis was employed as a non-managerial employee at Tropical Restaurant from on or around March 2020 through and including February 28, 2023.

8.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9.      At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT TROPICAL RESTAURANT BAR INC.**

10.     Upon information and belief, Defendant Tropical Restaurant Bar Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 88-18 Jamaica Ave., Woodhaven, NY 11421.

11.     At all times relevant to this Complaint, Defendant Tropical Restaurant Bar Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.     At all times relevant to this Complaint, Defendant Tropical Restaurant Bar Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.     At all times relevant to this Complaint, Defendant Tropical Restaurant Bar Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14.     Defendant Tropical Restaurant Bar Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

15.     Defendant Tropical Restaurant Bar Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT 88-18 TROPICAL RESTAURANTE CORP.**

16.     Upon information and belief, Defendant 88-18 Tropical Restaurante Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 88-18 Jamaica Ave., Woodhaven, NY 11421.

17.     At all times relevant to this Complaint, Defendant 88-18 Tropical Restaurante Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

18.     At all times relevant to this Complaint, Defendant 88-18 Tropical Restaurante Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

19.     At all times relevant to this Complaint, Defendant 88-18 Tropical Restaurante Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

20.     Defendant 88-18 Tropical Restaurante Corp. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

21.     Defendant 88-18 Tropical Restaurante Corp. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT JAIME ANTONIO PESANTEZ**

22.     Defendant Jaime Antonio Pesantez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23.     Defendant Jaime Antonio Pesantez is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

24.     Defendant Jaime Antonio Pesantez possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

25.     Defendant Jaime Antonio Pesantez determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

26.     At all times relevant to this Complaint, Defendant Jaime Antonio Pesantez was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT JAIME ILLESCAS (A/K/A JIMMY ILLESCAS)**

27.     Defendant Jaime Illescas (a/k/a Jimmy Illescas) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.     Defendant Jaime Illescas (a/k/a Jimmy Illescas) is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

29.     Defendant Jaime Illescas (a/k/a Jimmy Illescas) possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

30.     Defendant Jaime Illescas (a/k/a Jimmy Illescas) determined the wages and compensation of employees, including Plaintiff, established the schedules of employees,

maintained employee records, and had the authority to hire and fire employees.

31.     At all times relevant to this Complaint, Defendant Jaime Illescas (a/k/a Jimmy Illescas) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

32.     Defendants own, operate and/or control the restaurant located at 88-18 Jamaica Ave., Woodhaven, NY 11421 (*i.e.*, Tropical Restaurant).

33.     The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendants.

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

38.     Upon information and belief, the Individual Defendants operate the Corporate

Defendants as either alter egos of themselves, and/or fail to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b.      defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendants for their own benefit as the majority shareholders;

e.      operating the Corporate Defendants for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

f.      intermingling assets and debts of their own with the Corporate Defendants;

g.      diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

39.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

40.      Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

41.      Plaintiff and other similarly situated individuals are individuals who have worked

for Defendants in similarly-titled, hourly paid position, during the statutory period.

42.    Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

43.    Plaintiff was an employee of Defendants.

44.    Plaintiff was ostensibly employed as a waiter, bartender, busboy and general worker at Tropical Restaurant, from on or around March 2020 through and including February 28, 2023.

45.    Plaintiff's work duties required neither discretion nor independent judgment.

46.    From approximately March 2020 through and including February 28, 2023, Plaintiff worked four (4) to six (6) days per week: from approximately 12:00 p.m. to 11:00 p.m. or 12:00 a.m. (*i.e.,* 11 or 12 hours per day) for a total period of approximately 44 to 72 hours during each of the weeks, respectively.

47.    From approximately March 2020 through and including February 28, 2023, Defendants paid Plaintiff a fixed salary of $40 per day.

48.    At all relevant times hereto, Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs', all other similarly situated individuals', tipped wages.

49.    Specifically, Defendants required Plaintiffs, and all similarly situated individuals, to distribute a percentage of all gratuities received from clients to non-tipped employees, *i.e.,* Defendants' managers.

50.    As the managers of Tropical Restaurant, these individuals should not have taken a share of Plaintiffs', and all similarly situated individuals' tips.

51.    The employer-mandated tip sharing scheme imposed on Plaintiffs, and all similarly situated individuals, is not customary.

52.     The employer-mandated tip sharing imposed on Plaintiff was not reasonable.

53.     Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiff or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

54.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

55.     Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

56.     Plaintiff's wages did not vary regardless of how many additional hours Plaintiff worked in a week.

57.     At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day Plaintiff's shift exceeded ten (10) hours.

58.     Defendants never granted Plaintiff with meal breaks or rest periods of any length.

59.     Plaintiff was not required to keep track of Plaintiff's time, nor to Plaintiff's knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected Plaintiff's actual hours worked.

60.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

61.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL

195(3).

62.     Defendants did not give any notice to Plaintiff, in Spanish (Plaintiff's primary language), of Plaintiff's rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

63.     Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff his statutory right to receive true and accurate information about the nature of his employment and related compensation policies.

64.     Moreover, the breach of the obligations injured Plaintiff by denying him the right to know the conditions of his compensation and resulted in the underpayment of wages averred above.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to waiters, bartenders, busboys and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

66.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wages, overtime wage for all hours worked in excess of forty hours per work week, or gratuities. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

67.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

68.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

69.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

71.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

72.     Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

73.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

74.     At all relevant times to this action, Plaintiff has been a covered, non-exempt employee within the meaning of the FLSA.

75.     Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

76.     Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

77.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

78.     Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

79.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

80.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

81.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

82.     Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their

unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

83.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

84.     Plaintiff is a covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

85.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

86.     Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the NYLL.

87.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

88.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

89.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

90.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's

pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

91.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

92.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

93.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

94.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

95.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

96.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

97.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

98.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

99.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (NYLL – Unlawful Deductions from Tips)

100.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

101.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

102.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

103.     Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

104.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

105.    Plaintiff was damaged in an amount to be determined at trial.

## NINTH CLAIM
### (Unlawful Wage Deductions Under the FLSA)

106.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

107.    Defendants have made unlawful deductions and required kickbacks from Plaintiffs' wages, including but not limited to, deductions from Plaintiffs' tips that were received from customers.

108.    The deductions made from Plaintiffs' wages have not been authorized or required by law.

109.    The deductions made from Plaintiffs' wages have not been expressly authorized in writing by Plaintiffs, and have not been for Plaintiffs' benefit.

110.    Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiffs' wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

111.    Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiff at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.    certification of this case as a collective action pursuant to the FLSA;

c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.    declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.    declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.    declaring that Defendants violated the unlawful deduction provisions of the NYLL and NYDOL Regulations;

i.    declaring that Defendants violated the unlawful deduction provisions of the FLSA;

j.    awarding Plaintiff unpaid minimum wages;

k.    awarding Plaintiff unpaid overtime wages;

l.    awarding Plaintiff unpaid spread-of-hours pay;

m.    awarding Plaintiffs unpaid gratuities;

n.    awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

o.    awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

p.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

q.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

r.      Such other relief as this Court deems just and proper.

Dated: New York, New York
       March 6, 2023

Respectfully submitted,

By:  /s/ Jason Mizrahi
     Jason Mizrahi
     Joshua Levin-Epstein
     Levin-Epstein & Associates, P.C.
     60 East 42nd Street, Suite 4700
     New York, New York 10165
     Tel: (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for the Plaintiff and proposed FLSA*
     *Collection Action Plaintiffs*